THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MISTY WILLIAMS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AON PLC,<br><br>Defendant. | Case No.: 1:22-CV-03397<br><br>Judge Sharon Johnson Coleman<br><br>Magistrate Judge David Weisman<br><br>**JOINT MOTION TO CONSOLIDATE AND REASSIGN** |
| Sharon Rushing, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AON, PLC,<br><br>Defendant. | Case No. 1:22-cv-03452 |
| Deanna Dube, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AON, PLC,<br><br>Defendant. | Case No. 1:22-cv-03587 |

I.  INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 42 and N.D. Ill. L.R. 40.4(c), Plaintiff Misty Williams and Plaintiffs in the two related cases (*Rushing v. Aon PLC*, Case No. 1:2022-cv-03452 and *Dube v. Aon PLC*, Case No. 1:2022-cv-003587) respectfully request

1

that the Court consolidate and reassign their actions in the first-filed action, *Williams v. Aon PLC* Case No. 1:22-cv-03397.

By way of background, on June 29, 2022, Plaintiff Misty Williams filed a class action complaint against Aon PLC ("Aon") alleging various claims arising from a data breach discovered in February 2022. ECF No. 1. On July 1, 2022, Sharon Rushing filed a similar action, alleging substantially identical facts and claims to the *Williams* suit. Case No. 1:2022-cv-03397, ECF No. 1. Then, on July 12, 2022, Plaintiff Deanna Dube filed another similar action asserting substantially identical facts and claims emanating from the same data breach. Case No. 1:2022-cv-003587, ECF No. 1. Thus, three related actions (*Williams v. Aon, PLC*, Case No. 1:22-cv-03397; *Rushing v. Aon PLC*, Case No. 1:2022-cv-03452; and *Dube v. Aon PLC*, Case No. 1:2022-cv-003587) (collectively, the "Related Actions") are currently pending in the Northern District of Illinois. Given that the Related Actions each arise from the same operative facts surrounding a cyberattack and data breach of Defendant's computer systems between December 2020 and February 2022, Plaintiffs jointly and respectfully ask for this Court to grant Plaintiffs' Motion to Consolidate. A proposed order is submitted for the Court's consideration.

## II.     LEGAL STANDARD

The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Whether "to reassign a case as related falls within [the court's] discretion." *Urb. 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC,* No. 18-cv-6109, 2019 WL

2515894, at *3 (N.D. Ill. June 18, 2019); *see also Rongere v. City of Rockford*, Illinois, No. 19 C 50133, 2022 WL 2355908, at *1 (N.D. Ill. Jan. 7, 2022); *Blue Cross Blue Shield of Massachusetts, Inc. v. BCS Ins. Co.*, 671 F.3d 635, 640 (7th Cir. 2011).

Consolidation of actions in federal court is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Rule 42(a). FRCP 42 permits consolidation of cases involving common questions of law or fact. Consolidation is meant to promote judicial convenience and judicial economy. *See Blair v. Equifax Check Servs. Inc.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a single judge."). In exercising its discretion to consolidate, the Court "should consider whether the proposed consolidation would promote convenience and judicial economy, and whether it could cause prejudice to any party." *Sylverne v. Data Search N.Y., Inc.*, No. 08C0031, 2008 WL 468163, at *1 (N.D. Ill. May 8, 2008).

Under N.D. Ill. L.R. 40.4(a), two or more cases may be "related" if (1) the cases involve the same property; (2) cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; and (4) in class action suits, one or more of the cases involved in the case is or are the same. Moreover, if a high-numbered case is related to an earlier-numbered case, the former can be reassigned to the judge overseeing the latter only if each of the following criteria are met: "(1) both cases are

3

pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case would likely delay the proceedings in the earlier cases substantially; and (4) the cases are susceptible of disposition in a single proceeding." N.D. Ill. L.R. 40.4(b).

### III. ARGUMENT

#### A. Plaintiffs' Common Factual Allegations

Plaintiffs in each of the Related Actions allege that their sensitive and private information was compromised in the same data breach arising from a cyberattack on Defendants' computer systems. Plaintiffs are all individuals who received the same notice letter from Defendant in June 2022 notifying them that their Private Information was compromised in a cyberattack on Defendant's systems ("Breach Letter"). *Williams*, Doc. 1, at ¶¶ 9, 73; *Rushing*, Doc. 1, at ¶¶ 3, 71; *Dube*, Doc. 1, at ¶ 64. The types of sensitive information exposed involved in each of the Action includes: names, Social Security numbers, dates of birth, driver's license numbers, email addresses, and/or benefits. ("Private Information"). *Williams*, Doc. 1, at ¶¶ 10, 73; *Rushing*, Doc. 1, at ¶¶ 1, 5; *Dube*, Doc. 1, at ¶¶ 1, 25. Furthermore, Plaintiffs commonly allege it was the same types of cybersecurity failures that created the risk and allowed the Cyberattack to occur. *Williams*, Doc. 1, at ¶¶ 29-51; *Rushing*, Doc. 1, at ¶¶ 58-66; *Dube*, Doc. 1, at ¶¶ 54-61.

#### B. Plaintiffs' Common Liability Allegations

In addition, the Related Actions each advance at least the following common theories of liability among various other claims, including the following causes of action:

4

(i) negligence, (ii) breach of implied contract, (iii) unjust enrichment, and, (iv) invasion of privacy. To the extent the Court permits consolidation, Plaintiffs will work together to submit one consolidated complaint on behalf of each Plaintiff and the putative Class.

### C. Plaintiffs Seek Common Remedies under Similar Class Definitions

Each of the Related Actions seek nationwide class action treatment and request the same type of remedies and compensation for the individuals impacted by the Data Breach. The remedies collectively sought include compensatory damages related to economic losses Plaintiffs allege to be caused by the cyberattack among other common remedies sought. *Williams*, Doc. 1, at PageID# 28-38, 41-43; *Rushing*, Doc. 1, at PageID# 36-40; *Dube*, Doc. 1, at PageID# 36-37. Furthermore, Plaintiffs each seek to certify nationwide damages classes with substantially similar class definitions:

| *Case Name* | Class Definition |
|---|---|
| *Williams v. Aon, PLC* (Doc. 1, ¶ 84) | Nationwide Class:<br>All United States residents whose PII was accessed or acquired during the cyber intrusion that is the subject of the Notice of Data Breach that Defendant sent to Plaintiff and other Class Members on or around May 27, 2022 (the "Nationwide Class"). |
| *Rushing v. Aon, PLC* (Doc. 1, ¶ 80). | Nationwide Class:<br>All United States residents whose Private Information was actually or potentially accessed or acquired during the Data Breach event that is the subject of the Notice of Data Breach that Defendant published to Plaintiff and other Class Members on or around June 13, 2022. |
| *Dube v. Aon, PLC* (Doc. 1, ¶ 73). | Nationwide Class:<br>All persons Defendant identified as being among those individuals impacted by the Data Breach, including all who were sent a notice of the Data Breach. |

### D. The Related Actions Should Be Consolidated to Reduce Costs and Delay

Here, consolidation of the Related Actions is warranted, as the actions raise the same questions of law and arise from the same set of facts surrounding the cyberattack and data breach. Specifically, each of the Related Actions focuses on whether Defendant is liable to its current and former employees, or their dependents, for its failure to protect their private Sensitive Information with which it was entrusted. The Related Actions present the same factual and legal questions with respect to the formation of a duty and breach of that duty; involve the same defendant; involve the same cyberattack and data breach, and involve the same types of Private Information. Undersigned Plaintiffs' counsel in each Related Action anticipate that each Related Action would involve substantially the same discovery and that consolidation would add efficiency and consistency in judicial rulings, reduce delay and cost. *Rongere*, 2022 WL 2355908, at *1 ("Consolidation will help to streamline the cases and allow the Court to conserve substantial resources by addressing a consolidated motion for summary judgment and, if necessary, trying the claims together.")

Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motions practice, and would cause an unnecessary drain on judicial resources. And this is true despite minor variations in class definitions and state-specific causes of action in the Related Actions. Data Breach cases are routinely consolidated in federal courts around the country --As explained in *Kaplan v. 21st Century Oncology Holdings, Inc.*, where the court granted a motion to consolidate various class complaints in a cyberattack and data breach case:

6

> Applying the relevant factors from Hendrix, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well.…
>
> Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. Id. On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.
>
> Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.
>
> Finally, the relative expense to all parties concerned—particularly with regard to discovery—is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.
>
> Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and Hendrix, but also to "secure the just, speedy, and inexpensive determination" of these proceedings.

*Kaplan v. 21st Century Oncology Holdings, Inc.*, No. 2:16-cv-210, 2016 WL 9383330, at *2-3 (M.D. Fla. July 21, 2016), report and recommendation adopted, No. 2:16-cv-210, 2016 WL 4204781 (M.D. Fla. Aug. 10, 2016). Northern District of Illinois cases have previously consolidated cases where several complaints are filed relating to the same data breach. *See Remijas v. Neiman Marcus Grp., LLC*, 794 F.3d 688, 690 (7th Cir. 2015) ("These disclosures prompted the filing of a number of class-action complaints. They were consolidated in a First Amended Complaint filed on June 2, 2014, by Hilary Remijas, Melissa Frank, Debbie Farnoush, and Joanne Kao. They sought to represent themselves

7

and the approximately 350,000 other customers whose data may have been hacked."); *Moyer v. Michaels Stores, Inc.*, No. 14 C 561, 2014 WL 5159095, at *2 (N.D. Ill. Oct. 14, 2014) ("After granting the motions to reassign and consolidate the four cases filed in this district, I gave Plaintiffs three weeks to file a consolidated complaint.").

Here, each case identifies putative Rule 23 classes and asserts substantially identical factual allegations against the same Defendant, arising from the same data breach. Each case is in its infancy. Consolidation and reassignment will streamline three equivalent actions, promoting judicial economy and efficiency. Allowing these cases to proceed individually would strain judicial resources, as two cases were assigned to different judges and one case remains unassigned. Moreover, consolidation imposes no prejudice. Plaintiffs in the *Williams*, *Rushing*, and *Dube* actions agree that consolidation of their claims into one action for both pre-trial proceedings and trial is not only appropriate, but also necessary to avoid duplicative efforts and potentially conflicting rulings.[1] These suits involve substantially identical factual allegations and claims.

## IV. CONCLUSION

Accordingly, Plaintiffs request that the Court enter an order consolidating all three actions in the first-filed case: *Williams v. Aon PLC*, Case No. 1:22-cv-03397 (N.D. Ill.)

---

[1] Defendant Aon PLC is in the process of being served and has not otherwise appeared in any of the three actions. Accordingly, it was not possible to confer with Defendant regarding its position on consolidation.

| | |
|---|---|
| Date: July 21, 2022 | Respectfully Submitted, |

*/s/ Gary M. Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Telephone: (202) 429-2290
*gklinger@milberg.com*

Raina C. Borrelli
**TURKE & STRAUSS, LLP**
613 Williamson St., Ste. 201
Madison, WI 53703
Phone: (608) 237-1775
Fax: (608) 509-4423
raina@turkestrauss.com

*Counsel for Plaintiff Misty Williams and Putative Class*

Joseph M. Lyon
**THE LYON LAW FIRM, LLC**
2754 Erie Ave.
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
*jlyon@thelyonfirm.com*

Bryan L. Bleichner (*application forthcoming*)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Fax: (612) 336-2940
*bbleichner@chestnutcambronne.com*

*Counsel for Plaintiff Sharon Rushing and Putative Class*

9

Terence R. Coates (*application forthcoming*)
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court St., Ste. 530
Cincinnati, Ohio 4502
Phone: (513) 651-3700
Fax: (513) 665-0219
*tcoates@msdlegal.com*
*dgould@msdlegal.com*

*Counsel for Plaintiff Deanna Dube and the Putative Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July 2022, the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Gary Klinger*
Gary M. Klinger
