# THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MISTY WILLIAMS, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AON PLC,<br><br>Defendant. | Case No.: 1:22-CV-03397 |
| Sharon Rushing, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AON, PLC,<br><br>Defendant. | Case No. 1:22-cv-03452 |
| Deanna Dube, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AON, PLC,<br><br>Defendant. | Case No. 1:22-cv-03587 |

# PLAINTIFFS' MOTION TO APPOINT
# INTERIM CO-LEAD CLASS COUNSEL AND LIAISON COUNSEL
# UNDER FED. R. CIV. P. 23(g)(3)

Pursuant to Federal Rule of Civil Procedure 23(g)(3), Plaintiffs Misty Williams, Sharon Rushing, and Deanna Dube ("Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move for an order appointing as interim co-lead class counsel: (i) Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman, PLLC; (ii) Joseph M. Lyon of The Lyon Law Firm, LLC, and (iii) Raina C. Borrelli of Turke & Strauss LLP (collectively, "Proposed Interim Co-Lead Counsel").

## I.     INTRODUCTION

Beginning on June 29, 2022, Plaintiffs filed class action cases against Defendant AON Plc. ("AON" or "Defendant") that are currently pending in this District (the "Related Actions"). The Related Actions arise out of the recent, targeted cyber-attack that allowed a third party to gain unauthorized access to the computer systems housing sensitive consumer data maintained by AON. AON is a global provider of risk management, insurance and reinsurance brokerage, human resources solutions, outsourcing and consulting services. The cyber-attack and subsequent data breach resulted in the compromise of highly sensitive personally identifiable information, including, at least, consumers' Social Security numbers, driver's license information, and benefit enrollment information[1] ("PII") that AON custodied concerning at least 145,889 individuals (the "Data Breach"). Plaintiffs have each alleged that the criminals were able to gain access to

---

[1] Benefit enrollment information includes: benefit elections; pension entitlement information; date of retirement; and any relevant matters impacting [] benefits such as voluntary contributions, pension sharing orders, tax protections or other adjustments.

this protected information as a result of Defendant's failure to implement and follow adequate security procedures.

Plaintiffs learned that they were victims of the Data Breach, and each decided to file their respective class actions following their receipt of a Notice of Data Incident letter dated May 27, 2022. On June 29, 2022, Plaintiff Williams was the first to file her action in this District. Plaintiff Rushing filed her action shortly thereafter on July 1, 2022, and Plaintiff Dube filed her class action on July 12, 2022. Through their respective class actions, Plaintiffs allege a combination of the following causes of action against Defendant: Negligence; Unjust Enrichment; Invasion of Privacy; Breach of Implied Contract; Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("CFA"), 815 Ill. Comp. Stat. §§ 505/1, *et seq*., and Violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*.

As detailed below, Proposed Interim Co-Lead Counsel are unquestionably experienced and knowledgeable, and they possess ample resources and have worked hard to identify and investigate the factual and legal claims in this action. Each of the proposed Interim Co-Lead Counsel have earned lead counsel appointments and have successfully prosecuted data-breach cases. Proposed Co-Lead Counsel are nationally recognized by their peers as leaders in the plaintiffs' class action data breach bar and are indisputably qualified to represent the class. They have significant experience with data breach class actions and other complex litigation in this Court and across the country. Considering this proven track record, Proposed Interim Co-Lead Counsel respectfully submit that

2

appointing them to manage this litigation would best serve the interests of the proposed classes.

## II.    LEGAL STANDARDS

Federal Rule of Civil Procedure 23(g)(3) permits the appointment of interim lead counsel "to act on behalf of putative class members before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3); (*cited in Adedipe v. U.S. Bank, Nat'l Ass'n*, Nos. 13-2687 (JNE/JJK), 13 22944 (JNE/JKK), 2014 WL 835174, at *2 (D. Minn. Mar. 4, 2014)); *see also Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 WL 5260511, at *1 (N.D. Ill. May 30, 2020). Designating lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements. *See Roe v. Arch Coal, Inc.*, No. 4:15-cv-910, 2015 WL 6702288, at *3 (E.D. Mo. Nov. 2, 2015) (finding it in the best interests of the class to appoint interim class counsel even when no other counsel competed for appointment); *Syzmczak v. Nissan N. Am., Inc.*, Nos. 10 CV 7493(VB), 12 CV 2149(VB), 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012) (citing *Manual for Complex Litig.* § 21.11 (4th ed. 2004)).

Determining the appointment of lead class counsel requires the court to consider counsel's: "(1) work in identifying and investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources." *Adedipe*, 2020 WL 835174, at *2 (citing Fed. R. Civ. P. 23(g)(1)(A)). The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the

3

class." Fed. R. Civ. P. 23(g)(1)(B). The purpose of this Court's review is to ensure that counsel appointed to leading roles are "qualified and responsible, that they will fairly and adequately represent all parties on their side, and that their charges will be reasonable." *Manual for Complex Litig.* § 10.22. The ultimate goal is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.* § 10.221; *see also Cappello v. Franciscan All., Inc.*, No. 3:16-CV-290-TLS-MGG, 2017 WL 781609, at *3 (N.D. Ind. Feb. 28, 2017). Ultimately, no single factor is determinative; instead, a court should appoint counsel after evaluating all relevant considerations and comparing the relative strengths of counsel. *See* Fed. R. Civ. P. 23(g)(1)(A)-(B); 7B Charles Alan Wright et al., *Fed. Prac. & Proc.* § 1802.3 (3d ed. 2005).

## III.   <u>ARGUMENT</u>

Proposed Interim Co-Lead Counsel satisfy all the requirements for appointment by the Court under Fed. R. Civ. P. 23(g)(3). The attorneys have successfully litigated numerous class actions involving data breaches and privacy claims on behalf of millions of consumers. Proposed Interim Co-Lead Counsel possess the necessary resources to prosecute this litigation, have the support of the Plaintiffs from three cases on file, are working together collectively already, and will continue to work in this fashion to manage this litigation effectively and efficiently. Moreover, Proposed Interim Co-Lead Counsel have previously and repeatedly worked together to successfully prosecute data breach class actions across the country. Because Proposed Interim Class Counsel have the case-management and complex-litigation skills, experience, knowledge of the relevant facts and

4

legal issues, and extensive resources needed to efficiently prosecute this action, the Court should grant Plaintiffs' motion.

### A. Proposed Interim Class Counsel Have Performed Substantial Work Investigating and Litigating the Claims to Date.

One factor Courts consider is the work and resources counsel expend investigating the claims being asserted when appointing lead counsel. *See, e.g., Adedipe*, 2014 WL 835174, at *3 (appointing interim class counsel because they "devoted the more substantial effort towards pre-suit investigation and identification of claims"). Here, immediately after the public announcement of the data breach involving Defendant, Proposed Interim Co-Lead Class Counsel began investigating potential legal claims and remedies for the victims of the breach, including Plaintiffs. Those investigations included, among other things:

- Investigating the facts surrounding the data breach;

- Investigating Defendant's corporate structure;

- Interviewing numerous consumers injured by the data breach;

- Researching legal claims;

- Drafting initial pleadings;

- Investigating experts in the area of data security and damages; and

- Organizing Plaintiffs and counsel and requesting consolidation of the relevant actions for unified proceedings.

The facts Plaintiffs allege are egregious in terms of the information exposed and the scope of victims affected. Accordingly, Plaintiffs' counsel worked to quickly organize.

Work assignments have been, and will continue to be, allocated fairly and in a manner that takes advantage of the strengths of each firm while eliminating any duplicity.

Proposed Interim Class Counsel operate as a cohesive, well-organized group. Going forward, and if appointed, Proposed Interim Class Counsel will establish a standardized protocol for managing and reporting time and expenses incurred to prosecute the case as efficiently as possible. Accordingly, the substantial work and investigation to date weigh in favor of appointing Proposed Interim Class Counsel under Fed. R. Civ. P. 23(g)(3), as Proposed Interim Co-Lead Counsel are organized, unified, and committed to working together for the best interests of the class.

### B. Proposed Interim Class Counsel Possess the Necessary Experience and Skill to Prosecute This Action.

Proposed Interim Co-Lead Counsel possess the experience and skill to prosecute this action efficiently and effectively. As set forth below, their résumés include extensive experience leading or helping to lead complex data-breach and privacy class actions, including most of the major data breach cases in the United States. They will formulate and present positions on substantive and procedural issues during the litigation. *See Manual for Complex Litigation* § 10.221 ("Typically [lead counsel] act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met."). Courts have found that proposed

leadership's experience and service as lead counsel in prior cases is particularly persuasive. *See, e.g., Adedipe*, 2014 WL 835174, at *2 (finding class-action and complex litigation leadership experience relevant for appointment).

Plaintiffs propose that the Court designate Gary M. Klinger, Joseph L. Lyon, and Raina C. Borrelli to be Interim Co-Lead Counsel As demonstrated below, these attorneys have substantial class action and data breach experience and knowledge that will benefit the putative classes as this litigation proceeds.

### 1.    Gary M. Klinger

Mr. Klinger is a Partner at the international plaintiffs' class action firm Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg"). Since Milberg's founding in 1965, it has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements.[2] Milberg has been instrumental in obtaining precedent setting decisions at every level, including at the United States Supreme Court.[3] The firm pioneered federal class action litigation and is widely recognized as a leader in defending the rights of victims of corporate and other large-scale wrongdoing. Milberg has more than 80 attorneys and has offices across the U.S. and the European Union.

As a Partner at Milberg, Mr. Klinger has extensive experience serving as leadership in numerous privacy class actions, including data breaches, and other complex class

---

[2] *See, e.g., In re Tyco International Ltd., Securities Litigation*, MDL 1335 (D.N.H.) (serving as lead counsel and obtaining approval of $3.2 billion settlement); *In re Prudential Insurance Co. Sales Practice Litigation*, No. 95-4704 (D.N.J.) (serving as lead counsel and recovering more than $4 billion for policyholders); *see also* https://milberg.com/outstanding-recoveries/.
[3] *See* https://milberg.com/precedent-setting-decisions/page/3/.

actions. In fact, Mr. Klinger is one of the most well-known and respected data privacy attorneys in the United States. He is presently pursuing his Masters of Laws (LLM) in Data Privacy and Cybersecurity from the University of Southern California Gould School of Law. He has settled more than forty class actions involving privacy violations, the majority of which are data breaches, as lead or co-lead counsel. He is presently litigating more than one hundred class action cases across the country involving privacy violations. In the last two years alone, Mr. Klinger settled on a class-wide basis, preliminarily or finally, more than 25 privacy class actions, the majority of which were data breaches, where he served as lead or co-lead counsel. Mr. Klinger recently obtained final approval of a class-wide settlement valued at $17.6 million for a major data breach class action involving more than six million consumers. *See Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where Mr. Klinger served as one of 3 court appointed co-lead counsel). In addition, Mr. Klinger recently reached a class-wide settlement for $11 million for a major data breach involving more than 4 million consumers. *See Heath v. Insurance Technologies Corp.*, No. 21-cv-01444 (N.D. Tex.).[4] Mr. Klinger presently serves as one of two Court-appointed Lead Counsel in the data breach case *In re Canon U.S.A. Data Breach Litig.*, No. 1:20-cv-06239-AMD-SJB (S.D.N.Y. filed Dec. 23, 2020). Mr. Klinger was also

---

[4] The *Heath* Settlement compares quite favorably to other recent proposed settlements in similar data breach class actions reached by counsel for the Minority Plaintiffs' Group. *See, e.g., Kostka v. Dickey's Barbeque Restaurants, Inc*., Case No. 20-cv-3424, Dkt. 62 (N.D. Tex.) (where counsel for the Minority Plaintiffs' Group reached a settlement for a data breach involving more than 3 million people for $2.3 million or $.76 per class member); *Fehlen v. Accellion, Inc*., Case No. 21-cv-01353 (N.D. Cal.) (where counsel for the Minority Plaintiffs' Group reached a proposed settlement of $8.1 million for 9.2 million class members ($.90 per class member) who had their Social Security Numbers compromised).

appointed Co-Lead Counsel in the data breach case of *In re: Herff Jones Data Breach Litigation*, Master File No. 1:21-cv-1329-TWP-DLP (S.D. Ind.)(which involves approximately one million class members and has settled on a class-wide basis for $4.35 million.) Mr. Klinger further serves as co-lead counsel in the consolidated data breach litigation styled *In Re: CaptureRx Data Breach Litigation*, No. 5:21-cv-00523-OLG (W.D. Tex.)(which involves more than 2.4 million class members and has settled on a class-wide basis for $4.75 million.) Mr. Klinger also serves as appointed co-lead counsel to represent more than 3 million class members in another major data breach class action in the Northern District of Illinois. *See In re Arthur J. Gallagher Data Breach Litigation*, No. 1:21-cv-04056 (N.D. Ill.).

Simply put, Mr. Klinger and the attorneys and support staff at his law firm have substantial experience handling data security and data privacy cases like this one, including some of the largest data privacy litigation in the United States. *See, e.g., Baksh v. Ivy Rehab Network, Inc.*, No. 7:20-cv-01845-CS (S.D.N.Y. Jan. 27, 2021) (Class Counsel in a data breach class action settlement involving 125,000 individuals with a settlement value of $12.8 million; Final Approval granted); *Mowery v. Saint Francis Healthcare Sys.*, No. 1:20-cv-00013-SRC (E.D. Mo. Dec. 22, 2020) (Appointed Class Counsel; settlement value of over $13 million); *Jackson-Battle v. Navicent Health, Inc*., No. 2020-CV-072287 (Ga. Super. Ct. Bibb Cnty. filed Apr. 29, 2020) (Appointed Class Counsel in data breach case involving 360,000 patients; settlement valued at over $72 million); *Chatelain v. C, L & W*

*PLLC*, No. 50742-A (Tex. 42d Dist. Ct. Taylor Cnty. filed Apr. 28, 2020) (Appointed Class Counsel; settlement valued at over $7 million).[5]

Mr. Klinger has also successfully litigated privacy class actions through class certification. In *Karpilovsky v. All Web Leads, Inc*., No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. June 25, 2018), Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members. *Id*. And as a compliment to his leadership, in a recent nationwide privacy class settlement hearing in the U.S. District Court for the Northern District of California, Judge Richard Seeborg personally commended Mr. Klinger for "quite a substantial recovery for class members." *See* **Exhibit B**. Judge Seeborg further stated he could not recall any class action case where "the amounts going to each class member were as substantial" as that obtained by Mr. Klinger (and his co-counsel). *Id*.

## 2.    Joseph M. Lyon

Mr. Lyon is also well experienced in data breach class actions and complex litigation generally. Joseph M. Lyon is the founding and sole partner of the Lyon Firm, LLC.  Over the past 19 years, he has acquired extensive experience handling complex litigation in mass tort, class action, and catastrophic injury cases. With respect to data breach cases, Mr. Lyon has participated as co-lead counsel, as a member of Plaintiffs' Steering Committees, or a member of class counsel in over 30 data breach class actions throughout the country, many of which include cases involving similar data security issues

---

[5] Additional information regarding Mr. Klinger and his firm is set forth in the Milberg firm resume, attached hereto as **Exhibit A.**

and claims brought in this matter. He is familiar with the complex law, necessary discovery, and settlement structures to successfully co-lead this litigation.Mr. Lyon's experience in specific data breach cases includes, among others: *Devine v. Health Aid of Ohio, Inc.*, No. CV-21-948117 (Cuyahoga County Court of Common Pleas, Ohio)(Appointed-co-lead counsel) (Preliminary Approval granted related to health care provider impacting 141,149 patients); *In Re Southern Ohio Health Systems Data Breach,* No. A2101886 (Hamilton County, Ohio) (Proposed co-lead counsel)(Pending Preliminary Approval for $1,950,000.00 common fund arising from data breach of health systems impacting over 400,000 patients); *Remoundos v. Lend US LLC*, No. 4:22-cv-00749 (U.S. District Court, N.D. of CA) (Proposed interim co-lead class counsel in consolidated data breach class action involving thousands of CA residents and CCPA violations against a regional lending institution) (Pending Preliminary Approval of nationwide claims made settlement valued at over $ 3,389,350.00); *Engle v. Talbert House* , No A 2103650 (Hamilton County, OH) (Proposed co-lead counsel) (Pending Preliminary Approval for over 300,000 health care patients); *Migliaccio v. Parker Hannifin Corp.,* Case No. 1:22-cv-00835 (U.S. District Court, N.D. of OH)(Appointed interim co-lead class counsel by Judge Polster in data breach class action against multi-national manufacturer impacting thousands of current and former employees.); *Tucker v. Marietta Area Health Care, Inc*., No. 2:22-cv-00184 (U.S. District Court, S.D. of OH)( Serving as proposed interim co-lead in consolidated data breach class action involving ransomware attack on Ohio hospital that compromised the PII and PHI of thousands of patients); *Culbertson v. Deloitte Consulting LLP* 1:20-CV-3962  (S.D.N.Y.) (Member of Plaintiffs' class counsel and discovery

committee)(Final approval of common fund for $4,950,000 arising from data breach of unemployment benefits data system); *In re 20/20 Eye Care Network Inc. Data Breach Litigation*, No. 21-cv-61275 RAR (S.D. Fla.) (Appointed Executive Committee member in data breach impacting over 3 million patients); *Baker v. ParkMobile, LLC*, No. 1:21-cv-02182 (N.D. Ga.) (Appointed Steering Committee member in data breach impacting over 21 million customers); *Tracy v. Elekta, Inc.*, No. 1:21-cv-02851-SDG (N.D. Ga.) (Plaintiff's counsel focusing on Illinois genetic information claims following breach of health care medical records systems impacting over 200,000 health care patients). In addition to data breach class action matters, Mr. Lyon has served as co-lead counsel in other privacy matters, such as *Hawkins v. Navy Federal Credit Union*, No. 1:19-cv-01186 (E.D. of VA; Appointed Co-Lead Class Counsel (Final Approval granted for TCPA privacy class action common fund for $9,250,000).

Mr. Lyon also has extensive experience handling discovery matters in other complex litigation that will assist in the prosecution and litigation of this case. Notably, he has represented individual plaintiffs in over 40 MDL consolidated product liability matters, where he helped develop the case specific evidence to support the claims within the MDL structure. In several of these complex matters, Mr. Lyon served on leadership committees and assisted in developing common benefit evidence: MDL 1748 *In re Testosterone Replacement Therapy Products Liability Litigation* (member of discovery committee); MDL 2327 *In re Ethicon, Inc. Pelvic Repair Systems Product Liability Litigation* (member of discovery committee); *In re Actos (Pioglitazone) Products Liability Litigation - Wisniewski v. Takeda Pharmaceuticals et al.*, No. 120702272 (Co-Counsel for bellwether

trial in Philadelphia County. Jury awarded $2.34 million in compensatory damages.); and MDL 1598 *In re Ephedra Products Liability Litigation* (member of discovery committee). Finally, Mr. Lyon has served as lead counsel in numerous catastrophic injury cases involving medical malpractice, industrial accidents, automotive product liability, firearm product liability, and toxic exposure. These complex cases required extensive motion practice, discovery and courtroom skills that will help advance the interests of this class.[6]

Based on his experience in data breach and other class action and complex litigation cases, Mr. Lyon is qualified to serve as Interim Co-Lead Counsel.

### 3. Raina C. Borrelli

Ms. Borrelli is similarly experienced in data breach litigation and class actions generally. Ms. Borrelli is a partner at Turke & Strauss LLP where she leads the firms class action practice group. Turke & Strauss's class action practice focuses on complex class action litigation, including data-breach, Telephone Consumer Protection Act ("TCPA"), false advertising, and consumer protection cases in both state and federal courts around the country.[7] Ms. Borrelli received her J.D. *magna cum laude* from the University of Minnesota Law School in 2011. Prior to joining Turke & Strauss, Ms. Borrelli was a partner at Gustafson Gluek PLLC, a boutique class action firm in Minneapolis, Minnesota, where she successfully prosecuted complex class actions in federal and state courts, including *Hudock v. LG Electronics USA, Inc.*, 16-cv-1220 (JRT/KMM) (D. Minn.);

---

[6] Additional information regarding Mr. Lyon and his firm is set forth in the Lyon Firm's resume, attached hereto as **Exhibit C.**

[7] Additional information regarding Ms. Borrelli and her firm is set forth in the Turke & Strauss firm resume, attached hereto as **Exhibit D.**

*Baldwin v. Miracle-Ear, Inc.*, 20-cv-01502 (JRT/HB) (D. Minn.); *In re FCA Monostable Gearshifts Litig.*, 16-md-02744 (E.D. Mich.); *Zeiger v. WellPet LLC*, 17-cv-04056 (N.D. Cal.); *Wyoming v. Procter & Gamble*, 15-cv-2101 (D. Minn.); *In re Big Heart Pet Brands Litig.*, 18-cv-00861 (N.D. Cal.); *Sullivan v. Fluidmaster*, 14-cv-05696 (N.D. Ill.); *Rice v. Electrolux Home Prod., Inc.*, 15-cv-00371 (M.D. Pa.); *Gorczynski v. Electrolux Home Products, Inc.*, 18-cv-10661 (D.N.J.); *Reitman v. Champion Petfoods*, 18-cv-1736 (C.D. Cal.); *Reynolds, et al., v. FCA US, LLC*, 19-cv-11745 (E.D. Mich.).

Ms. Borrelli has significant experience in data privacy litigation and is currently litigating more than fifty data breach cases in courts around the country as lead counsel or c-counsel on behalf of millions of data breach victims, including *In re Netgain Tech. Consumer Data Breach Litig.*, 21-cv-1210 (D. Minn.) (appointed by the court to the Plaintiffs' Interim Executive Committee); *Vansickle v. C.R. England*, 22-cv-374 (D. Utah); *McLaughlin v. Flagstar*, 22-cv-11470 (E.D. Mich.); *Webb v. Injured Worker's Pharmacy*, 22-cv-10797 (D. Mass.); *Grogan v. McGrath RentCorp., Inc.*, 22-cv-490 (N.D. Cal.); *Henson v. SuperCare, Inc.*, 22-cv-2820 (C.D. Cal.); *Goetz v. Benefit Recovery Specialists, Inc.*, Case No. 2020CV000550 (Wis. Cir. Ct., Walworth Cty.) (data breach settlement on behalf of 500,000 breach victims); *Kunkelman v. Curators of the University of Missouri, d/b/a MU Health Care*, Case No. 21BA-CV00182 (Mo. Cir. Ct., Boone Cty.); *Baldwin v. Nat'l Western Life Ins. Co.*, 21-cv-04066-WJE (W.D. Mo.) (settlement on behalf of 800,000 data breach victims).

In addition to her robust data breach practice, Ms. Borrelli is also currently litigating a variety of consumer protection cases, including under the TCPA, various state right of

publicity laws, and under the Illinois Biometric Information Privacy Act, including: *Patterson v. Respondus University, et al.* 20-cv-7692 (N.D. Ill.); *Murray, et al. v. Grocery Delivery E-Services USA Inc. d/b/a Hello Fresh*, 19-cv-12608 (D. Mass.) ($14 million TCPA class settlement); *Baldwin, et al. v. Miracle-Ear, Inc., et al.*, 20-cv-1502 (D. Minn.) ($8 million TCPA class settlement); *Callahan v. PeopleConnect, Inc.*, 20-cv-9203 (N.D. Cal.); *Kellman v. Spokeo, Inc.*, 21-cv-8976 (N.D. Cal.).

Additionally, Ms. Borrelli has substantial experience leading discovery teams in complex class action matters, as well as in working with class damages experts and class damages models in consumer protection cases.

Based on her experience in data breach and other class action and complex litigation cases, Ms. Borrelli is qualified to serve as Interim Co-Lead Counsel.

**C.     Proposed Interim Class Counsel Have Committed, and Will Continue to Commit, the Resources Necessary to Fairly and Adequately Represent the Class.**

A court appointing interim class counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C). Here, Proposed Interim Class Counsel can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, Proposed Interim Class Counsel have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation and coordinating among themselves to file this leadership proposal. They are also expected to

15

pay assessments when necessary to ensure that adequate funds are available to prosecute this litigation. And, as their firm résumés and counsels' experience indicate, Proposed Interim Class Counsel have the resources to see this litigation through to its conclusion, including trial. **Exs. A, C, & D**.

> **D.      Other Factors Support Designating Proposed Interim Class Counsel.**

Notably, the proposed leadership structure has the support of Plaintiffs and the law firms involved in the litigation related to this Data Breach and this factor supports their appointment, who are also highly experienced data breach class action attorneys. *See In re Aluminum Phosphide Antitrust Litig.*, No. 93-2452, 1994 WL 481847, at \*5, 7 (D. Kan. May 17, 1994) ("In designating lead counsel, the court will also give due consideration to the preferences expressed by the parties themselves, through their counsel." "Absent persuasive evidence to the contrary, the court assumes that nominations and votes for lead counsel are made in good faith for reasons that benefit the client."); *see also In re Wendy's Co. S'holder Derivative Litig.*, No. 1:16-cv-1153, 2018 WL 6605394 at \*2 (S.D. Ohio Dec. 17, 2018) (quoting *Kubiak v. Barbas*, No. 3:11-cv-141, 2011 WL 2443715, at \*2 (S.D. Ohio June 14, 2011) ("[C]ounsel's ability to make inclusive efforts on behalf of all plaintiffs is an 'essential attribute' for lead counsel.")); *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-01610, 2020 U.S. Dist. LEXIS 164895, at \*10 (N.D. Ill. May 30, 2020) ("And all Plaintiffs in this action have consented to the proposed leadership structure."); *Manual for Complex Litigation* §§ 10.22 (noting desirability of "the attorneys coordinat[ing] their activities without the court's assistance"), 10.272 (describing "private ordering" approach).

Indeed, after their cases were filed, Proposed Interim Class Counsel moved quickly to coordinate the proposed leadership structure to avoid inefficiencies and any delay prosecuting this matter. Proposed Interim Class Counsel and the attorneys at their respective law firms also reflect the diversity of the bar and the class they seek to represent—from the standpoint of age, gender, experience, and geographic location. *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("Duke Guidelines") ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. The role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the Court, all of which are critical to successful management of the litigation. *See Manual for Complex Litigation* § 10.21. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. Unlike defense counsel, the plaintiffs' side of consolidated litigation must quickly and effectively merge together to form an alliance against often well-financed opponents, as is the case here. This process has the potential for

17

disorganization, in-fighting, and inefficiencies. It is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." Duke Guidelines, *supra*, at 43. Selecting lawyers who have previously worked together has many benefits. They have developed working relationships, know of complementary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id.*

Nowhere could these sentiments be truer than among the counsel proposed for Proposed Interim Class Counsel. For instance, counsel from Milberg, The Lyon Firm, and Turke & Strauss are currently working together on several major data breach class actions. In other words, Proposed Interim Class Counsel are well suited to jointly prosecute this action because Proposed Interim Class Counsel are able to work cooperatively and inclusively with themselves and other counsel.

Importantly, Proposed Interim Class Counsel have not made any agreements with each other with respect to funding, cost-sharing, pooling clients, fees, or any other matter. They each understand that they will be required to make contributions to fund the litigation, and they will not accept any third-party litigation funding to do so.

While Proposed Interim Class Counsel intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication. Accordingly, they have already discussed how best to organize to effectively use their members' diverse skills and unique experiences for the efficient prosecution and

management of this litigation, while avoiding unnecessary and duplicative billing. As mentioned above, if appointed, Proposed Interim Class Counsel will establish a protocol for regular time and expense reporting to monitor and manage the efficient prosecution of this action.

## VI.    <u>CONCLUSION</u>

For all these reasons, Plaintiffs respectfully request that this Court appoint Gary M. Klinger, Joseph M. Lyon, and Raina C. Borrelli as Proposed Interim Co-Lead Counsel.

July 21, 2022                                        Respectfully submitted,


*/s/ Gary M. Klinger*
Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel:  866-247-0047
gklinger@masonllp.com

Patrick N. Keegan*
**KEEGAN & BAKER, LLP**
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Telephone: 760-929-9303
Fax: 760-929-9260
Email: pkeegan@keeganbaker.com

*pro hac vice application forthcoming*

19

Ryan A. Stygar*
**CENTURION TRIAL ATTORNEYS, APC**
8880 Rio San Diego Dr., Suite 800
San Diego, CA 92108
Telephone: (858) 206-8833
Fax: (760) 753-3206
Email: ryan@centurionta.com
*pro hac vice application forthcoming*

Kenneth A. Wexler
Bethany R. Turke
Eaghan S. Davis
**WEXLER BOLEY & ELGERSMA LLP**
55 West Monroe St., Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
Facsimile: 312 346-0022
kaw@wbe-llp.com
brt@wbe-llp.com
esd@wbe-llp.com

Samuel J. Strauss
sam@turkestrauss.com
Raina C. Borrelli
raina@turkestrauss.com
Alex Phillips
alexp@turkestrauss.com
**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, WI 53703
Telephone (608) 237-1775
Facsimile (608) 509-4423

**THE LYON FIRM, LLC**
Joseph M. Lyon (OH BAR #76050)
2754 Erie Ave. Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
Email: jlyon@thelyonfirm.com

Bryan L. Bleichner*
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Phone: (612) 339-7300
Fax: (612) 336-2940
bbleichner@chestnutcambronne.com

*pro hac vice applications

*Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July 2022, the foregoing document was filed via the Court's ECF system, which will cause a true and correct copy of the same to be served electronically on all ECF-registered counsel of record.

*/s/ Gary Klinger*
Gary M. Klinger